IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LESTER JON RUSTON,                §
                                  §
            Plaintiff,            §
                                  § Civil Action No. 3:07-CV-1076-D
VS.                               §
                                  §
DALLAS COUNTY, TEXAS, et al.,     §
                                  §
            Defendants.           §

MEMORANDUM OPINION
AND ORDER

Plaintiff Lester Jon Ruston ("Ruston"), a *pro se* prisoner, brings this removed action against defendants Dallas County, Texas, James K. Ellis ("Agent Ellis"), Judge A. Joe Fish ("Judge Fish"), and James K. Wolfson, M.D. ("Dr. Wolfson"). Ellis, Judge Fish, and Dr. Wolfson ("federal defendants")[1] move to dismiss for failure to state a claim on which relief can be granted. For the reasons that follow, the court grants the motion and dismisses this case with prejudice. The court also imposes additional sanctions against Ruston, who has clearly shown that he is an abusive litigant.

I

Ruston is currently confined at the Federal Medical Center Devens in Ayer, Massachusetts, where he was committed pursuant to 18 U.S.C. § 4243(e) after being acquitted by reason of insanity for the crime of threatening a federal official. *See United States v. Ruston*, 3:04-CR-191-G (N.D. Tex. Mar. 28), *appeal docketed*, No. 07-

---

[1]Defendant Dallas County has not appeared in the case.

10433 (5th Cir. Apr. 12, 2007). A direct appeal stemming from the § 4243(e) commitment is currently pending. Defendants are Dallas County, Agent Ellis, a Special Agent of the Federal Bureau of Investigation, Judge Fish, who presided over Ruston's criminal trial, and Dr. Wolfson, a psychiatrist employed by the United States Department of Justice.

Ruston's state court petition purported to be a civil suit for damages against the defendants under the Texas Tort Claims Act. Following removal, the federal defendants moved under Fed. R. Civ. P. 12(b)(6) to dismiss the complaint for failure to state a claim. The magistrate judge recommended that the motion be granted in part and that the case be dismissed. The court declined to accept the recommendation because, in response to the recommendation, Ruston moved for leave to amend his complaint. The court instead granted Ruston one final opportunity to amend his complaint to state a claim against the current parties.

Since the filing of the amended complaint, Ruston has filed several motions, including two additional motions for leave to amend the complaint along with proposed supplemental complaints.[2] Defendants filed a new Rule 12(b)(6) motion to dismiss the amended complaint, arguing that Ruston's claims against Judge Fish fail

---

[2]Ruston has also filed a motion for sanctions, two motions for subpoena *duces tecum*, two motions for subpoenas *duces tecum* and for service, a motion for discovery and inspection, a motion to appoint civil counsel, and an application for issuance of subpoenas.

because of absolute judicial immunity, and that his conspiracy claims are conclusory.

II

Ruston has an extensive and abusive filing history. Since 2001 he has filed 82 prisoner actions nationwide,[3] 42 of those in Texas federal district courts alone. *See* Attachment I to this memorandum opinion and order. Of the 82 actions, 20 were habeas-type actions, and 62 were mandamus/civil rights-type actions. As a result of the numerous frivolous and vexatious suits, Ruston was barred from filing any further actions in this court unless he first obtained permission to file a civil complaint or paid the required filing fee. *See Ruston v. Dallas County Sheriff's Dep't*, No. 3:04-CV-1517-K (N.D. Tex. Aug. 26, 2004) (Kinkeade, J.) (order) (imposing sanction pursuant to three-strike provision of 28 U.S.C. § 1915(g), and because Ruston, although with knowledge that he was subject to rule, continued to file civil actions without paying filing fee).[4]

---

[3]Recently, Judge Kravitz of the District of Connecticut referred to Ruston's prolific litigation history. *See Ruston v. World Wrestling Entmt.*, 2008 WL 824217, at *1 n.2 (D. Conn. Mar. 25, 2008) ("Mr. Ruston has brought numerous actions asserting similar claims against Dallas County, Texas; the State of Texas; and other individuals and entities. It appears that he has been barred from filing suit in the Northern District of Texas without first obtaining permission." (citation omitted)).

[4]The majority of Ruston's habeas corpus petitions filed under 28 U.S.C. § 2241 were administratively closed, and the pleadings were transferred to his criminal case, No. 3:04-CR-191-G.

In an apparent effort to circumvent the sanction order, Ruston filed this lawsuit in Texas state court. The federal defendants then exercised their statutory right to remove the case to this court. *See* 28 U.S.C. § 1442(a)(1) and (3). Because the sanction is limited to complaints filed initially in this court, it does not extend to removed cases. Nevertheless, district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants. "Although the judicial system is generally accessible and open to all individuals, abuse of the process may result in actions to protect the courts' ability to effectively control the numerous matters filed therein." *Kaminetzky v. Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Congress enacted the Prison Litigation Reform Act of 1996 ("PLRA"), which directs federal courts to screen certain complaints filed by prisoners. *See* 28 U.S.C. §§ 1915(e) and 1915A. The statutory screening provision under § 1915A applies to all prisoners' actions against governmental entities, officers, and employees, regardless whether the prisoner is proceeding *in forma pauperis*. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). This includes prisoner actions that have been removed from

state court. *See Duff v. Yount*, 51 Fed. Appx. 520, 521 (6th Cir. 2002) (per curiam) (screening removed prisoner action under §§ 1915(e) and 1915A); *Hawthorne v. Cain*, 54 Fed. Appx. 797, 2002 WL 31845746, at *1 (5th Cir. 2002) (per curiam) (affirming dismissal under § 1915A based on legal impossibility of removal by prisoner plaintiff); *Meeks v. Iberville Parish Sheriff's Office*, 220 F.3d 587, 2000 WL 960514, at *1 (5th Cir. June 15, 2000) (per curiam) (unpublished table decision) (same); *Morris v. Horel*, 2008 WL 686874, at *1 (N.D. Cal. March 12, 2008) (screening under § 1915A removed prisoner *pro se* action and dismissing for failure to state a claim). Accordingly, the court will screen Ruston's amended complaint under § 1915A.

III

A

As an initial matter, § 1915A mandates dismissal of any complaint that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(2). Judge Fish is immune from suit because the alleged acts or omissions—which occurred during Ruston's criminal prosecution—took place in his capacity and function as a judge. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *McAfee v. Fifth Circuit Judges*, 884 F.2d 221, 222 (5th Cir. 1989). Accordingly, the claims against him are dismissed.

B

Section 1915A(b)(1) also provides for dismissal of "frivolous" complaints. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "[J]udges not only [have] the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

Ruston's complaint consists of a confusing multitude of conclusory allegations, apparently relating to the time period during which he was investigated, arrested, prosecuted, determined to be mentally incompetent, acquitted by reason of insanity, and civilly committed. He accuses defendants, *inter alia*, of conspiring (1) "to allegedly violate 18 U.S.C. § 4001(a), and 18 U.S.C. § 1961-1964 to inflict injury to Plaintiff's person and business in retaliation for his status as a 'witness' and investigator against them for various individuals and government entities, an element of R.I.C.O. Racketeering;" (2) to "conceal evidence from Plaintiff;" (3) to "obstruct appeal number 07-10433 . . . by concealing all transcripts and documents ordered by

Plaintiff;" (4) "to deny Plaintiff all 6th Amendment 'confrontation' rights against James K. Ellis;" (5) "to commit kidnapping of Plaintiff . . . following stalking and attempted murder of Plaintiff;" (6) to "a[c]quire and maintain interests in R.I.C.O. Racketeering Enterprises, and join in extortion, mail fraud, wire fraud, bribery, witness tampering and kidnapping/torture of Plaintiff to cause damage to his person and his small business, Penguin Enterprises Unlimited;" (7) to steal "all legal paperwork of Plaintiff in October of 2004;" (8) to "house Plaintiff with mentally deranged and dangerous persons in the Dallas County Jail;" (9) to "use the U.S. Mail and wire communications devices to commit witness tampering;" and (10) to "cause Plaintiff to be 'tortured' in August of 2006, due to his exercising his 1st Amendment protected right to freedom of speech." *Id.* at 2-5, and 7. These claims are "wholly incredible," and are therefore dismissed as factually frivolous. *Denton,* 504 U.S. at 33.

C

Alternatively, the court dismisses the complaint because it is legally frivolous and/or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). A complaint is legally frivolous if it "lacks an arguable basis . . . in law." *Neitzke,* 490 U.S. at 325. The question whether a complaint fails to state a claim on which relief may be granted for the purposes of §

1915A(b)(1) is governed by the pleading standards of Rule 12(b)(6). *Woods v. Chapman,* 239 Fed. Appx. 35, 37 (5th Cir. 2007) (citing *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)). Under Rule 12(b)(6), "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007)). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl.*, 127 S.Ct. at 1964-65 (citations, quotation marks, and brackets omitted).

Ruston's claim for civil conspiracy requires allegations sufficient to show that there was an agreement among the defendants to inflict injury upon the plaintiff. *Crowe v. Lucas*, 595 F.2d 985, 993 (5th Cir. 1979). His complaint must "state specific facts, not merely conclusory allegations." *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986) (internal quotation marks omitted). Ruston's complaint contains only conclusory allegations of conspiracy, and avers no facts that demonstrate an agreement among the defendants. This alone warrants dismissal of the conspiracy claims.

Ruston also appears to assert "RICO" claims. "Reduced to its

three essentials, a civil RICO claim must involve: (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Delta Truck & Tractor, Inc. v. J.I. Case Co.,* 855 F.2d 241, 242 (5th Cir. 1988) (emphasis omitted). "A RICO 'enterprise' can be either a legal entity or an 'association in fact' enterprise." *In re Burzynski*, 989 F.2d 733, 743 (5th Cir. 1993).

In this case, the only entity alleged in the complaint that might be considered an "enterprise" is Ruston's small business.[5] *See* Am. Compl. 3 ("Defendants did meet and conspire to a[c]quire and maintain interests in R.I.C.O. Racketeering Enterprises . . . to cause damage to his person and his *small business*." (emphasis added)). Ruston does not, however, aver facts that demonstrate how the alleged racketeering activities were connected with "the acquisition, establishment, conduct, or control" of this business. *Delta Truck,* 855 F.2d at 242. This is a ground for dismissal of the RICO claim.

Finally, it is apparent that the amended complaint, viewed in its entirety, seeks to contest the legality of Ruston's civil

---

[5]The alleged conspiracy itself cannot constitute an enterprise. *See, e.g., Burzynski*, 989 F.2d at 743 ("[T]wo individuals who join together for the commission of one discrete criminal offense have not created an 'association-in-fact' enterprise, even if they commit two predicate acts during the commission of this offense, because their relationship to one another has no continuity." (internal quotation marks omitted)).

commitment under 18 U.S.C. § 4243(e). *See, e.g.,* Am. Compl. 12 ("Plaintiff . . . [requests that the court declare] that Plaintiff's custody is unlawful, and that Defendants and putative Defendants have acted in clear absence of all lawful jurisdiction and authority . . . [and] that Plaintiff has suffered irreparable . . . injury . . . and that Defendants are liable for all damages."). The Supreme Court held in *Heck v. Humphrey*, 512 U.S. 477 (1994):

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87 (footnote omitted). Thus "[i]f a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[,] . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. This applies, *inter alia,* to actions by federal prisoners that implicate the validity of civil commitment proceedings. *See Stephenson v. Reno,* 28 F.3d 26, 27 (5th Cir. 1994) (applying rule to actions brought by federal prisoners); *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1137

(9th Cir. 2005) (applying rule to actions that implicate validity of civil commitment proceedings). "A court may not grant relief to a plaintiff . . . when granting that relief would imply the plaintiff's civil commitment is invalid." *Baptiste v. State of Montana*, 2006 WL 2860590, at *3 (D. Mont. Oct. 2, 2006) (adopting op. of magistrate judge).

Ruston's amended complaint seeks monetary, declaratory, and injunctive relief in connection with his civil commitment. His allegations, and the pendency of the appeal stemming from his civil commitment, confirm that Ruston cannot demonstrate that his confinement has already been invalidated. Therefore, Ruston is precluded from now maintaining a claim that directly or indirectly challenges his civil commitment.

IV

The court dismisses Ruston's amended complaint with prejudice as frivolous and for failure to state a claim on which relief can be granted. Defendants' motion to dismiss the amended complaint is granted, and all remaining motions that Ruston has filed are denied.[6]

The court modifies the sanction previously imposed against Ruston and imposes the following sanction:

---

[6]*See supra* note 2.

Ruston is prohibited from proceeding with any civil action in this court—whether he filed it in this court, he filed it in another court and it was removed to this court, or he filed in another federal court and it was transferred to this court—unless he obtains from a district judge of this court leave to proceed in this court.

If a civil action is removed or transferred to this court, the case will be subject to summary dismissal unless, within 30 days of the date of removal or transfer, Ruston seeks, in writing, leave from a district judge of this court to proceed in this court.

\* \* \*

Accordingly, for the reasons explained, this action is dismissed with prejudice by judgment filed today, and additional sanctions are imposed.

**SO ORDERED.**

April 9, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

# ATTACHMENT I



## Civil Name Search Results

**82 Total Party matches for selection RUSTON, LESTER NOS 500-599 for ALL COURTS**
Search Complete
Mon Mar 31 08:38:00 2008
Selections 1 through 54 (Page 1)

⬤ Download (2 pages $ 0.08)

⇨ Next 28

| | Name | Court | Case No. | Filed | NOS | Closed |
|---|---|---|---|---|---|---|
| 1 | RUSTON, LESTER JON | txwdce | 1:2007cv00030 | 01/09/2007 | 550 | 03/28/2007 |
| | Ruston v. Abbott | | | | | |
| 2 | RUSTON, LESTER JON | dcdce | 1:2006cv00040 | 01/11/2006 | 550 | 01/11/2006 |
| | RUSTON v. UNITED STATES SECRET SERVICE | | | | | |
| 3 | RUSTON, LESTER JON | txwdce | 1:2008cv00064 | 01/22/2008 | 550 | 01/28/2008 |
| | Ruston v. State of Texas et al | | | | | |
| 4 | RUSTON, LESTER JON | txwdce | 1:2007cv00072 | 01/29/2007 | 530 | 02/07/2007 |
| | Ruston v. State of Texas | | | | | |
| 5 | RUSTON, LESTER JON | txedce | 4:2006cv00090 | 03/02/2006 | 550 | 04/26/2006 |
| | Ruston v. Brown | | | | | |
| 6 | RUSTON, LESTER JON | txedce | 4:2007cv00097 | 02/23/2007 | 530 | 04/18/2007 |
| | Ruston v. Director TDCJ-CID | | | | | |
| 7 | RUSTON, LESTER JON | mowdce | 4:2006cv00114 | 02/08/2006 | 550 | 02/28/2006 |
| | Ruston v. Collin County et al | | | | | |
| 8 | RUSTON, LESTER JON | txedce | 4:2006cv00117 | 03/16/2006 | 530 | 09/19/2006 |
| | Ruston v. State Of Texas | | | | | |
| 9 | RUSTON, LESTER JON | flndce | 4:2006cv00140 | 03/27/2006 | 555 | 06/22/2006 |
| | RUSTON v. THE FLORIDA BAR | | | | | |
| 10 | RUSTON, LESTER JON | txwdce | 1:2006cv00215 | 03/24/2006 | 550 | 04/04/2006 |
| | Ruston v. State Commission on, et al | | | | | |
| 11 | RUSTON, LESTER JON | txndce | 3:2005cv00221 | 01/28/2005 | 530 | 02/17/2005 |
| | Ruston v. United States of America | | | | | |
| 12 | RUSTON, LESTER JON | dcdce | 1:2006cv00224 | 02/08/2006 | 550 | |
| | RUSTON v. JUSTICE DEPARTMENT | | | | | |
| 13 | RUSTON, LESTER JON | txwdce | 1:2006cv00230 | 03/30/2006 | 550 | 04/06/2006 |
| | Ruston v. Abbott | | | | | |
| 14 | RUSTON, LESTER JON | txndce | 3:2006cv00238 | 04/27/2006 | 550 | 07/07/2006 |
| | Ruston v. United States Secret Service | | | | | |

15 RUSTON, LESTER JON txedce    4:2005cv00292 07/18/2005  550  08/16/2005
Ruston v. Collin County et al
16 RUSTON, LESTER JON txndce    3:2005cv00306 02/10/2005  530  03/02/2005
Ruston v. United States of America
17 RUSTON, LESTER JON txndce    3:2005cv00328 02/08/2005  530  03/02/2005
Ruston v. United States of America
18 RUSTON, LESTER JON txwdce   1:2006cv00332 05/01/2006  550  05/08/2006
Ruston v. Yeakel
19 RUSTON, LESTER JON txedce    4:2006cv00351 08/25/2006  550  08/31/2006
Ruston v. Brown et al
20 RUSTON, LESTER JON txedce    4:2002cv00379 11/21/2002  530  04/07/2004
Ruston v. Director
21 RUSTON, LESTER JON utdce     2:2006cv00526 06/30/2006  550  10/09/2007
Ruston v. Church of Jesus Christ of Latter Day Saints et al
22 RUSTON, LESTER JON txndce    3:2007cv00551 03/23/2007  530  07/31/2007
Ruston v. Quarterman
23 RUSTON, LESTER JON ctdce     3:2006cv00711 05/08/2006  550  08/14/2006
Ruston v. World Wrestling Entertainment et al
24 RUSTON, LESTER JON utdce     2:2007cv00929 11/30/2007  550
Ruston v. Church of Jesus Christ of Latter Day Saints et al
25 RUSTON, LESTER JON txndce    3:2001cv01052 06/01/2001  550  08/29/2001
Ruston v. Bush, et al
26 RUSTON, LESTER JON txndce    3:2007cv01076 06/15/2007  550
Ruston v. Dallas County Texas et al
27 RUSTON, LESTER JON dcdce    1:2006cv01156 06/26/2006  550  06/26/2006
RUSTON v. UNITED STATES OF AMERICA
28 RUSTON, LESTER JON dcdce    1:2006cv01160 06/26/2006  550  06/26/2006
RUSTON v. GONZALES
29 RUSTON, LESTER JON dcdce    1:2006cv01161 06/26/2006  530  06/26/2006
RUSTON v. GONZALES
30 RUSTON, LESTER JON dcdce    1:2006cv01296 07/21/2006  530  07/21/2006
RUSTON v. GONZALES
31 RUSTON, LESTER JON txndce    3:2006cv01350 07/26/2006  530  08/11/2006
Ruston v. Gonzalez
32 RUSTON, LESTER JON dcdce    1:2006cv01436 08/15/2006  550  08/15/2006
RUSTON v. UNITED STATES OF AMERICA
33 RUSTON, LESTER JON txndce    3:2004cv01437 07/02/2004  550  08/26/2004
Ruston v. Dallas County et al
34 RUSTON, LESTER JON txndce    3:2004cv01453 07/02/2004  550  09/03/2004
Ruston v. United States of America
35 RUSTON, LESTER JON txndce    3:2004cv01462 07/07/2004  550  03/08/2005

Ruston et al v. Dallas County Sheriff's Department et al
36 RUSTON, LESTER JON   txndce    3:2001cv01495 08/02/2001 550 09/06/2001
Ruston v. Collin County Texas
37 RUSTON, LESTER JON   dcdce    1:2006cv01509 08/28/2006 550 10/13/2006
RUSTON v. VUKELICH
38 RUSTON, LESTER JON   txndce    3:2004cv01517 07/13/2004 550 08/26/2004
Ruston v. Dallas County Sheriff's Department et al
39 RUSTON, LESTER JON   txndce    3:2004cv01522 07/13/2004 530 10/15/2004
Ruston v. United States of America
40 RUSTON, LESTER JON   txndce    3:2004cv01530 07/14/2004 550 11/08/2004
Ruston v. Dallas County Sheriff's Dept
41 RUSTON, LESTER JON   txndce    3:2004cv01580 07/21/2004 550 10/01/2004
Ruston v. Dallas County et al
42 RUSTON, LESTER JON   txndce    3:2006cv01582 08/30/2006 550 01/30/2007
Ruston v. Dallas County
43 RUSTON, LESTER JON   txndce    3:2006cv01608 08/31/2006 550 11/02/2006
Ruston v. United States of America
44 RUSTON, LESTER JON   ctdce    3:2007cv01650 11/08/2007 550
Ruston v. World Wrestling Entertainment
45 RUSTON, LESTER JON   txndce    3:2004cv01660 07/30/2004 550 11/09/2004
Ruston v. Dallas County et al
46 RUSTON, LESTER JON   txndce    3:2004cv01690 08/04/2004 550 10/21/2004
Ruston v. Dallas County et al
47 RUSTON, LESTER JON   txndce    3:2004cv01691 08/04/2004 550 12/09/2004
Ruston v. Dallas County et al
48 RUSTON, LESTER JON   txndce    3:2004cv01804 08/18/2004 530 11/19/2004
Ruston v. United States of America
49 RUSTON, LESTER JON   cacdce    2:2005cv01808 03/14/2005 550 04/04/2005
Lester Jon Ruston v. United States Of America et al
50 RUSTON, LESTER JON   txndce    3:2001cv01818 09/14/2001 550 01/23/2002
Ruston v. Bush, et al
51 RUSTON, LESTER JON   txndce    3:2004cv01839 08/23/2004 550 09/27/2004
Ruston v. Dallas County Sheriff's Department et al
52 RUSTON, LESTER JON   txndce    3:2001cv01977 10/03/2001 530 07/25/2002
Ruston v. State of Texas, et al
53 RUSTON, LESTER JON   txndce    3:2001cv02087 10/17/2001 550 10/15/2002
Ruston v. Dallas County, et al
54 RUSTON, LESTER JON   cacdce    2:2006cv02329 04/17/2006 550 05/09/2006
Lester Jon Ruston v. Maureen Buriss


Next 28

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 03/31/2008 08:38:00 | | | |
| **PACER Login:** | us3483 | **Client Code:** | |
| **Description:** | Civil srch pg 1 | **Search Criteria:** | RUSTON, LESTER NOS 500-599 |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

### U.S. Party/Case Index - Home

**Search:** All Court Types | Appellate | Bankruptcy | Civil | Criminal
**Reports:** Court Code List | Date Range | Courts not on Index | Statistical Reports
**User Options:** Change Client Code | New Login | Billing History | PSC Home Page | E-Mail PSC | Logout

 Help



# Civil Name Search Results

**82 Total Party matches for selection RUSTON, LESTER NOS 500-599 for ALL COURTS**
Search Complete
Mon Mar 31 08:38:00 2008
Selections 55 through 82 (Page 2)

🔴 Download (2 pages $ 0.00)


Previous 54

| Name | Court | Case No. | Filed | NOS | Closed |
|---|---|---|---|---|---|
| 55 RUSTON, LESTER JON  Ruston v. Continental Motel, et al | txndce | 3:2002cv02349 | 10/24/2002 | 550 | 02/28/2003 |
| 56 RUSTON, LESTER JON  Ruston v. NBC Television | nyedce | 1:2006cv02485 | 05/15/2006 | 550 | 09/27/2006 |
| 57 RUSTON, LESTER JON  Ruston v. United States of America | txndce | 3:2004cv02568 | 11/15/2004 | 530 | 12/17/2004 |
| 58 RUSTON, LESTER JON  Ruston v. Dretke | txndce | 3:2004cv02757 | 12/27/2004 | 530 | 03/08/2005 |
| 59 RUSTON, LESTER JON  v. Ruston et al | mowdce | 6:2007cv03002 | 01/03/2007 | 530 | 03/06/2007 |
| 60 RUSTON, LESTER JON  Ruston v. Schneider et al | mowdce | 6:2006cv03032 | 01/27/2006 | 540 | 02/06/2006 |
| 61 RUSTON, LESTER JON  Ruston v. Collin County, Texas et al | mowdce | 6:2006cv03037 | 01/30/2006 | 550 | 03/07/2006 |
| 62 RUSTON, LESTER JON  Ruston v. Dallas County et al | mowdce | 6:2006cv03057 | 02/13/2006 | 550 | 03/14/2006 |
| 63 RUSTON, LESTER JON  Ruston v. Fish et al | mowdce | 6:2006cv03077 | 02/24/2006 | 550 | 03/22/2006 |
| 64 RUSTON, LESTER JON  Ruston v. Brown | mowdce | 6:2006cv03090 | 03/02/2006 | 550 | 03/07/2006 |
| 65 RUSTON, LESTER JON  Ruston v. Texas Department of Public Safety et al | mowdce | 6:2006cv03093 | 03/03/2006 | 550 | 06/09/2006 |
| 66 RUSTON, LESTER JON  Ruston v. United States Department of Justice | mowdce | 6:2006cv03094 | 08/25/2006 | 540 | 08/25/2006 |
| 67 RUSTON, LESTER JON  Ruston v. Missouri Board of Healing Arts et al | mowdce | 6:2006cv03120 | 03/20/2006 | 550 | 08/09/2006 |
| 68 RUSTON, LESTER JON  Ruston v. Mueller et al | mowdce | 6:2006cv03129 | 03/27/2006 | 540 | 04/13/2006 |

69 RUSTON, LESTER JON mowdce 6:2006cv03132 03/29/2006 550 04/13/2006
Ruston v. Hyde

70 RUSTON, LESTER JON mowdce 6:2006cv03136 03/31/2006 540 04/13/2006
Ruston v. United States Secret Service

71 RUSTON, LESTER JON mowdce 6:2006cv03171 04/24/2006 550 06/15/2006
Ruston v. Dorr et al

72 RUSTON, LESTER JON cacdce 2:2006cv03192 05/24/2006 550 06/23/2006
Lester J Ruston v. Maureen Buriss

73 RUSTON, LESTER JON mowdce 6:2005cv03243 06/06/2005 550 02/01/2006
Ruston v. United States of America

74 RUSTON, LESTER JON mowdce 6:2005cv03266 06/15/2005 540 06/29/2005
Ruston v. Fish et al

75 RUSTON, LESTER JON mowdce 6:2005cv03268 06/20/2005 530 12/13/2005
Ruston v. United States of America

76 RUSTON, LESTER JON mowdce 6:2006cv03286 07/25/2006 540 08/21/2007
Ruston v. United States of America

77 RUSTON, LESTER JON mowdce 6:2005cv03304 07/07/2005 555 08/17/2005
Ruston v. United States Department of Justice et al

78 RUSTON, LESTER JON mowdce 6:2005cv03554 11/16/2005 550 03/07/2006
Ruston v. Hill et al

79 RUSTON, LESTER JON cacdce 2:2004cv10248 12/15/2004 530 01/18/2005
United States of America v. Lester Jon Ruston

80 RUSTON, LESTER JON madce 4:2007cv40124 04/27/2007 530 09/20/2007
Ruston v. Sabol

81 RUSTON, LESTER JON madce 4:2007cv40135 05/04/2007 550
Ruston v. Gonzalez et al

82 RUSTON, LESTER JON madce 4:2007cv40238 09/06/2007 550
Ruston v. United States of America et al


Previous 54

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 03/31/2008 08:39:07 | | | |
| **PACER Login:** | us3483 | **Client Code:** | |
| **Description:** | Civil srch pg 2 | **Search Criteria:** | RUSTON, LESTER NOS 500-599 |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

**U.S. Party/Case Index - Home**

|              |                                                                                                              |
|-------------:|:-------------------------------------------------------------------------------------------------------------|
| **Search:**  | All Court Types \| Appellate \| Bankruptcy \| Civil \| Criminal                                              |
| **Reports:** | Court Code List \| Date Range \| Courts not on Index \| Statistical Reports                                  |
| **User Options:** | Change Client Code \| New Login \| Billing History \| PSC Home Page \|                                  |
|              | E-Mail PSC \| Logout                                                                                         |

 Help